# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAZLICK DANZELL SHARP HODGSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN MESA VERDE ICE PROCESSING CENTER,<br><br>Respondent. | Case No. 1:26-cv-04861-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Nicaragua who entered the United States without inspection on or about December 12, 2022. (ECF No. 5-1 at 2.[1]) Petitioner was paroled on December 13, 2022, with the parole set to expire on February 13, 2023. (ECF No. 5 at 2; ECF No. 5-2 at 9.) Petitioner remained in the United States after the expiration of parole. (ECF No. 5 at 2.)

On February 8, 2026, Petitioner was encountered by immigration officers at a jail following his arrest for battery (domestic battery by strangulation). The Department of Homeland Security ("DHS") issued an immigration detainer (Form I-247) the same day. (ECF

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

No. 5-1 at 2.) On March 26, 2026, the charge against Petitioner was dropped. (ECF No. 1 at 39; ECF No. 5 at 3.)

On June 24, 2026, Petitioner filed a petition for writ of habeas corpus challenging his detention on due process grounds. (ECF No. 1 at 9–10.) The Court construed the petition "as also raising claims challenging Petitioner's re-detention and the statutory authority of Petitioner's detention." (ECF No. 4 at 1.) On July 1, 2026, Respondent filed a response. (ECF No. 5.)

## II.

## DISCUSSION

The Court finds that issuance of findings and recommendation is appropriate despite the time for Petitioner to file a reply to Respondents' response having not yet expired.

### A. Statutory Framework and Applicability of 8 U.S.C. § 1226(c)(1)(E)

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). "Subsection A is the default detention statute for noncitizens in removal proceedings and applies to noncitizens '[e]xcept as provided in [Subsection C].'" Avilez, 69 F.4th at 529 (alterations in original) (quoting 8 U.S.C. § 1226(a)). "[D]etention under Subsection A is discretionary" and "provides for release on bond or conditional parole." Avilez, 69 F.4th at 529. "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination," and the noncitizen "will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (quoting 8 C.F.R. § 236.1(c)(8)).

Although section 1226(a) sets out a discretionary detention scheme, section 1226(c) provides an exception which mandates detention for certain criminal noncitizens. *See* 8 U.S.C. § 1226(c)(1)(E). Section 1226(c)(1)(E), which was added to the statute in 2025 by the Laken Riley Act, mandates detention for any noncitizen (i) who is inadmissible under section 1182(a)(6)(A)(i) as an "alien present in the United States without being admitted or paroled," *and* (ii) who "is charged with, arrested for, convicted of, or admits" to committing certain crimes.

Lepe v. Andrews, 801 F. Supp. 3d 1104, 1115 (E.D. Cal. 2025) (quoting 8 U.S.C. § 1226(c)(1)(E)). Accord J.S.H.M. v. Wofford, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *12 (E.D. Cal. Oct. 16, 2025).

To avoid "serious due process concerns," "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes[.]" Singh v. Chestnut, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026). Thus, "mandatory detention is not required when charges are never filed, *Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025), or where an individual has been acquitted, *E.C. v. Noem*, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025)." Singh, 2026 WL 266021, at *2. Courts have found serious questions going to the merits as to the application of the Laken Riley Act where noncitizens were arrested but prosecutors ultimately declined to file charges and closed the case. Singh, 2026 WL 266021, at *2; S.E. v. Noem, No. 1:26-cv-00356-DAD-SCR, 2026 WL 206085 (E.D. Cal. Jan. 27, 2026).

Respondent argues that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii) due to his February 2026 arrest. (ECF No. 5 at 2–3.) However, the charge was dropped. (ECF No. 1 at 39.) "The statute's 'use of the present tense is conspicuous and important.'" Singh v. Wofford, No. 1:26-CV-01161-KES-EPG (HC), 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026) (quoting Helbrum, 2025 WL 2840273, at *5). "'By using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute[,]' such as by a conviction." Singh, 2026 WL 972547, at *2 (quoting Helbrum, 2025 WL 2840273, at *5–6). Respondent does not contend that one of the other clauses of 8 U.S.C. § 1226(c) applies, and Respondent acknowledges that the case has been dropped and is no longer

pending. Accordingly, the Court recommends finding that 8 U.S.C. § 1226(c)(1)(E) is inapplicable and Petitioner is not subject to mandatory detention.

**B. Due Process**

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "Even when the government has discretion to detain an individual, its subsequent decision to release the individual creates 'an implicit promise' that she will be re-detained only if she violates the conditions of her release." Garro Pinchi v. Noem, 813 F. Supp. 3d. 973, 1034 (N.D. Cal. 2025) (citing Morrissey v. Brewer, 408 U.S. 471, 482 (1972)). "Other courts, including this Court, have held similarly." J.E.H.G. v. Chestnut, No. 1:25-cv-01673-JLT-SKO, 2025 WL 3523108, at *10 (E.D. Cal. Dec. 9, 2025) (citing Doe v. Becerra, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at *4 (E.D. Cal. Mar. 3, 2025)). "Accordingly, a noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody." Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025).

Respondent fails to contend with the liberty interest created by the fact that Petitioner was paroled into the United States. See Anderson v. Chernut, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026) ("Even though petitioner's parole authorization expired, petitioner maintains her liberty interest in continued release."); D.L.C. v. Wofford, No. 1:25-cv-01996-DC-JDP, 2026 WL 145646, at *4 (E.D. Cal. Jan. 20, 2026) ("[N]umerous courts in the Ninth Circuit have found that when a noncitizen is paroled under that section, his liberty interest does not expire along with his parole."). As Respondent has not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions that have granted habeas relief in similar circumstances, the Court recommends granting the petition for writ of habeas corpus and ordering Respondent to provide Petitioner with a bond hearing before a neutral decisionmaker where the government bears the burden to demonstrate that Petitioner is a flight risk or danger to the community by clear and convincing evidence for the reasons set forth in Rojas v. Chestnut, No. 1:26-CV-03154-JLT-CDB, 2026 WL 1329741 (E.D. Cal. May

13, 2026), and <u>J.S.H.M. v. Wofford</u>, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808 (E.D. Cal. Oct. 16, 2025).

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents be directed to provide Petitioner with an individualized hearing before an immigration judge where the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community to justify his detention.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **July 9, 2026**

    STANLEY A. BOONE
    United States Magistrate Judge